NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARNELL COLVIN; Mr. RICHARD VELA, Jr.,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>TOMMY WHITE, AKA Thomas White; LABORERS INTERNATIONAL UNION OF NORTH AMERICA - LOCAL 872,<br><br>Defendants - Appellees. | No. 25-2193<br><br>D.C. No.<br>2:21-cv-02109-RFB-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted June 30, 2026**

Before: GOULD, FRIEDLAND, and MENDOZA, JR., Circuit Judges.

Parnell Colvin and Richard Vela appeal a district court order denying their

motion for partial summary judgment and granting Defendants' motion for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Colvin and Vela's due process claim fails as a matter of law.  Section 411(a)(5) of the Labor Management Reporting and Disclosure Act (LMRDA) provides that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined *except for nonpayment of dues* . . . unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."  29 U.S.C. § 411(a)(5) (emphasis added).  It is undisputed that Colvin and Vela were expelled without being provided a full and fair hearing.  But it is also undisputed that Colvin and Vela refused to pay their supplemental dues.  Nothing in Local 872's constitution suggests that the union cannot require payment of supplemental dues, in addition to monthly membership dues.  *See Loc. 1052 of United Bhd. Of Carpenters & Joiners of Am. v. L.A. Cnty. Dist. Council of Carpenters*, 944 F.2d 610, 613 (9th Cir. 1991) (stating that review of "a union's interpretation of its own constitution . . . is deferential"); *Motion Picture & Videotape Eds. Guild, Loc. 776 v. Int'l Sound Technicians, Loc. 695*, 800 F.2d 973, 975 (9th Cir. 1986) ("[A]bsent bad faith or special circumstances, an interpretation of a union constitution by union officials, as well as interpretations of the union's rules and regulations, should not be disturbed by the court.").  Nor does anything in the record support

Colvin and Vela's assertion that the supplemental dues were voluntary.[1]

2. The district court also did not err in denying Colvin and Vela summary judgment on their fiduciary duty claim. Enforcing payment obligations in accordance with Local 872's constitution did not constitute a breach of fiduciary duty. Nor did Colvin and Vela produce any evidence showing "intentional misconduct, fraud or a knowing violation of law." Nev. Rev. Stat. § 78.138(7)(b)(2).

3. Colvin and Vela's "retaliatory" discharge claim under 29 U.S.C. § 529 also lacks merit. It is undisputed that they alleged facts showing that they "exercised the right to oppose union policies" by publicly criticizing union leaders and were subject to an adverse action. *Casumpang v. Int'l Longshoremen's and Warehousemen's Union, Loc. 142*, 269 F.3d 1042, 1058 (9th Cir. 2001). But Colvin and Vela have failed to demonstrate that Defendants' non-discriminatory reason for their discharge was "pretext for impermissible retaliation." *Yartzoff v. Thomas*, 809 F.2d 1371, 1377 (9th Cir. 1987); *see also Casumpang*, 269 F.3d at 1059 (requiring a "causal link between protected activities and an adverse employment action"); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir.

---

[1] The district court correctly declined to consider a declaration that was provided for the first time in a reply brief. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

2003) (requiring either "direct" or "'specific' and 'substantial' evidence of pretext to survive summary judgment" (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998))).  The district court did not err in granting Defendants summary judgment on this claim.

**AFFIRMED.**[2]

---

[2] Vela's motion for miscellaneous relief (Dkt. No. 22) is granted in part.  We confirm that we reviewed Vela's brief independently and did not attribute to him Colvin's arguments or factual assertions.